UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 99-0374 |
| OSCAR JOHNSON | SECTION: "S" |

### ORDER AND REASONS

Oscar Willard Johnson, III pleaded guilty to various drug-related offenses, in violation of 21 U.S.C. § 841(a).  The court imposed a term of imprisonment of 120 months on each of counts one, two, and three, and a term of 60 months on count four, all such terms to be served concurrently.  As a result of an amendment to the sentencing guidelines, the court granted a motion for a reduction in the term of imprisonment, pursuant to 18 U.S.C. § 3582(c)(2), and reduced the sentence to 97 months as to counts one, two, and three, effective March 14, 2008. Johnson was eligible for immediate release because the sentence exceeds the amount of time Johnson has already served.  The government requested a stay of the court's order to seek reconsideration of the ruling.  The court granted the request for an emergency hearing without oral argument.

The parties do not dispute that Johnson is eligible for a reduction under the retroactive amendment that reduces the offense level for crack cocaine.  The government argues that it

opposes reduction of Johnson's sentence because of his prison conduct record, which reflects 21 separate disciplinary infractions.  Specifically, Johnson has had several hearings before disciplinary hearing officers for disciplinary infractions which he committed while he has been incarcerated.  The infractions including threatening staff, engaging in sexual acts directed at female prison personnel, fighting with inmates, being insolent to a staff member, using mail without authorization, refusing to obey an order, stealing, being in an unauthorized area, engaging in disruptive conduct, abusing phone privileges, falsifying a statement, violating visiting regulations, and failing to follow safety regulations.  Further, Johnson did not make progress toward obtaining a General Equivalency Diploma, and he was dropped from the program.  The government further argues that, because his sentence was reduced while he was still incarcerated, he has spent no time in a halfway house.  The government argues that 1) Johnson is still in need of educational and vocational training, 2) he has significant post-conviction misconduct throughout his incarceration, and 3) he may be at serious risk for committing future crimes without any transition time in a halfway house or a high school equivalency diploma.  Alternatively, the government requests that the court consider a sentence of 108 months.

In conjunction with Amendment 706 to the Sentencing Guidelines, made retroactive by Amendment 711, § 1B1.10, which governs reduction in terms of imprisonment as a result of an amended guideline range, was amended. Application Note 1(B)(i) instructs that the court should consider the factors, as set forth in 18 U.S.C. § 3553(a), in determining "(I) whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction, but

only within the limits described in subsection (b) [of § 1B1.10]." Section 3553(a) provides:

> The court, in determining the particular sentence to be imposed, shall consider–
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed–
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kids of sentence and the sentencing range established for–
>     (A) the applicable category of offense committed
> . . . .
> (5) any pertinent policy statement–
> . . . .
> (6) the need to avoid unwarranted sentence disparities among defendants with similar conduct; and have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

In addition, Application Note (B) (ii) states that the "court shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction" in the term of imprisonment. Application Note (B)(iii) states that the "court may consider post-sentencing conduct of the defendant that occurred after the imposition of the original term of imprisonment."

The government's argument against the reduction in sentence focuses on "the totality" of Johnson's post-sentencing conduct while incarcerated. While the court finds aspects of Johnson's conduct record to be very serious, the court is not convinced that a denial of the reduction is warranted. The court has reviewed Johnson's prison record, which indicates that he was disciplined, at times severely, for each of the infractions under the regulations of the

3

institution in which he is confined.  Most of his infractions occurred during the early years of his incarceration.  His record for 2006 and 2007 indicates that his only infractions were one charge of unauthorized use of the mail, for which he received ten hours of extra duty, and one charge of refusing to obey an order, for which he lost commissary privileges for 30 days.  Johnson is now working with UNICOR to develop vocational skills.

Moreover, the court is persuaded by events that have resulted in reductions in the penalties for crack cocaine.  The Sentencing Commission amended the crack cocaine guideline, reducing the penalties, to correct defects in federal cocaine sentencing policy which it has recognized for at least 12 years.  Subsequently, the Commission voted to make the reduction retroactive.  The court, in its discretion, gives great weight to the purpose of the amendments of the Sentencing Commission, and the motion for reduction of sentence is granted.

Accordingly, the court concludes that the government's motion for reconsideration of the order reducing Johnson's sentence from 120 months to 97 months is **DENIED** and the stay of the order is lifted.

New Orleans, Louisiana, this  19th  day of March, 2008.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**